HEYE J. MENSEN, APPELLANT, V. EVA L. KELLEY ET AL.,
APPELLEES.

FILED MARCH 19, 1908. No. 15,103.

1. **Appeal: CONFLICTING EVIDENCE: FINDINGS.** "When the evidence in
the district court consists of oral testimony which is in sharp
and irreconcilable conflict, and the conclusion derivable there-
from is dependent in part upon inferences from circumstances,
some of which are in dispute, and in part upon the weight and
credibility of testimony to be determined from the degree of
competency of the witnesses, their opportunity for knowledge
and the apparent clearness of their recollection, and the reasons
therefor, the findings of the trial judge will be considered in
determining the issues in this court." *Cooley v. Rafter*, 80 Neb.
181, reaffirmed and followed.

2. **Adverse Possession: EVIDENCE.** Evidence examined, and *held* suf-
ficient to sustain the findings and judgment of the district court
on the question of adverse possession.

APPEAL from the district court for Dawson county:
BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Fred A. Nye,* for appellant.

*John H. Linderman,* contra.

FAWCETT, C.

This suit is entitled "Heye J. Mensen v. Eva L. Kelley,
Frederick Gruneberg and Caroline Gruneberg"; but as
defendant Eva L. Kelley was dismissed from the suit in the
court below, and the real controversy is between plaintiff
Heye J. Mensen and defendant Frederick Gruneberg, we
will consider the case as if they were the sole parties to the
suit. The controversy in this case is over a strip of land
about 198 feet wide on the east end and about 192 feet wide
on the west end, on the south side or line of lots 7 and 8,
section 4, township 8, range 19, Dawson county. Plaintiff
brought suit in the district court to quiet his title to said
strip. Defendant interposed two defenses: (1) That
plaintiff had no title or right to the disputed tract; (2)

adverse possession for the statutory period of ten years. The district court found in favor of defendant on both of these defenses, and entered judgment dismissing plaintiff's suit. From that judgment, this appeal is prosecuted.

The same points are relied upon in this court, and both questions are argued at length in brief of counsel on each side. As the judgment of the district court must be affirmed on the second point, viz., the defense of adverse possession, we deem it unnecessary to consider any of the other questions presented and discussed. The evidence in the record before us is decidedly conflicting. This case well illustrates the advantage which the opportunity of seeing the witnesses upon the stand and hearing their testimony gives the trial court over an appellate court. While a careful reading of the testimony in the record before us creates some doubt in our minds as to the correctness of the conclusion reached by the trial judge, we must give heed to the advantage which he had over us, as above indicated. As said in *Faulkner v. Simms,* 68 Neb. 299: "In passing on findings of fact upon appeal, the reviewing court should go over all the evidence and reach its own conclusion thereon, giving such weight to the determination of the trial court as to credibility of witnesses and its finding on conflicting evidence as, under all the circumstances of the case, the nature of the evidence before the trial court, and that court's special opportunities, if any, for reaching a correct solution, such finding may be entitled to." Defendant testified that he broke all of the land in controversy in 1893, and that during each year thereafter, down to and including the year 1903, he, either personally or through his tenants, cultivated the entire tract; that there were some two or three years during that period of time when, on account of drought or flood, there was a failure of crop, but in each of those years the crop was planted. His wife corroborates him, and, to a certain extent, he is also corroborated by the witness August Schmidt. Mr. Schmidt's cross-examination, to a great extent, broke the force of his testimony as to specific years,

but on recross-examination he sums it up thus: "Q. You saw it every year? A. Yes. Q. You know it was farmed each year? A. Yes; it was farmed each year, but there wasn't a crop on it every year." This testimony was contradicted by plaintiff and his witnesses; but we cannot say that this contradictory testimony was sufficient to overcome the testimony above referred to. We would not be warranted in holding that the district court erred in discrediting plaintiff's witnesses and giving full credit to the witnesses of defendant.

Plaintiff insists that the evidence shows that at most defendant used only a portion of the strip of land in controversy, and, hence, he could in any event recover only such portion as he had actually used continuously during the statutory period, and further that, defendant having claimed that this disputed tract was a part of lot 9, owned by him, he held the title during all of the time, not adversely to the true owner, but under the belief that it was a part of his own lot. The former of these two contentions is disposed of by the testimony above referred to, and the holding of the court that defendant had occupied the whole tract during the statutory period. The latter of the two contentions has been disposed of adversely to plaintiff in *Baty v. Elrod,* 66 Neb. 735, where we say: "In this state, possession may be adverse, though the claimant occupies under a mistaken belief that the land is actually part of another tract, and that the true boundary is different than it really is." Conceding that defendant may not at all times during the entire ten years have actually plowed or cut hay from every particular acre of the tract in controversy, this alone would not defeat his claim of possession of the whole tract. In *Baty v. Elrod, supra,* we sustained an instruction of the court which told the jury that "the possession must have been such as was consistent with the nature of the property and is indicative of an honest claim of ownership thereof." In *Twohig v. Leamar,* 48 Neb. 247, 252, we said: "The law does not require that possession shall be evidenced

by a complete inclosure, nor by persons remaining continuously upon the land and constantly, from day to day, performing acts of ownership thereon. It is sufficient if the land is used continuously for the purposes to which it may be, in its nature, adapted." If the testimony of defendant's witnesses is true, as the district court has found, then defendant had possession of the entire disputed tract, within the meaning of the law. The mere fact that some portions of it may not have been plowed or otherwise utilized because of the fact that it was too marshy for such use would not limit his possession. The fact that defendant used all of the available land within the tract in such a manner as to indicate his claim of ownership, even to the extent of ordering plaintiff off of the land when he undertook to take possession of it in 1899, as shown by the record—an order which plaintiff complied with up to the time of commencement of this suit—is certainly sufficient to establish an occupancy of the entire tract.

We recommend that the judgment of the district court be affirmed.

AMES, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.